UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ERNEST CALVINO JR.,

                Plaintiff,

-against-

HOLYOKE CITY MASSACHUSETTS,

                Defendant.

1:19-CV-11666 (CM)

TRANSFER ORDER

---

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff brings this *pro se* action invoking the Court's federal question jurisdiction. He sues what appears to be the City of Holyoke, Massachusetts. For the following reasons, the Court transfers this action to the United States District Court for the District of Massachusetts.

    Under 28 U.S.C. § 1391(b), a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under § 1391(c), a "natural person" resides in the district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

    The defendant is a city located in Massachusetts, and Plaintiff alleges that the events giving rise to his claims occurred there. (ECF 2, at 5.) Because the defendant does not reside in this judicial district, and because none of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district, venue is not proper in this Court under § 1391(b)(1) or (2). Rather, the proper venue for this action is the United States District Court for the District of

Massachusetts. *See* 28 U.S.C. §§ 101, 1391(b)(1), (2). The Court therefore transfers this action to that court. *See* 28 U.S.C. § 1406(a).

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket. The Court also directs the Clerk of Court to transfer this action to the United States District Court for the District of Massachusetts. Whether Plaintiff should be permitted to proceed further without prepayment of fees is to be determined by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: January 16, 2020
New York, New York

COLLEEN McMAHON
Chief United States District Judge